The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Shantelle Comegys, individually and as parent and guardian of K F, a minor

### DEFENDANTS
Valley Forge Military Academy & College

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110 215 557 9550

Attorneys *(If Known)*
Unknown

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 1983
Brief description of cause:
Equal Protection and Due Process violations

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE NIQA
DOCKET NUMBER 21-3460 and 21-3687

DATE: August 27, 2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Owings Mill, Marykand__

Address of Defendant: __Wayne, Pennsylvania__

Place of Accident, Incident or Transaction: __Wayne, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: __21-cv-3460 & 21-cv-3687__   Judge: __NIQA__   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [✓]   No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [✓] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/27/2021__   _/s/ Robert T Vance Jr_   __37692__
                       Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Robert T Vance Jr__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __08/27/2021__   _/s/ Robert T Vance Jr_   __37692__
                       Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**United States District Court for the Eastern District of Pennsylvania**

| | |
|---|---|
| Shantelle Comegys, individually and as parent and guardians of K.F., a minor, : : : | |
| Plaintiff, : : | |
| vs : : | Civil Action No. Jury Trial Demanded |
| Valley Forge Military Academy & College, : : | |
| Defendant. : | |

## *Complaint*

Plaintiff, Shantelle Comegys, individually and as parent and guardian of K.F., a minor, brings a series of claims against Defendant, of which the following is a statement:

1. This is a civil rights action in which the Plaintiff contends that defendant violated the Due Process and Equal Protection Clauses of the U.S. Constitution and state law in connection with disciplinary action it took against K.F.

### *Jurisdiction and Venue*

2. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331, this action being brought pursuant to 42 U.S.C. §1983, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991). This Court may exercise supplemental jurisdiction over the Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

### *Parties*

4. Plaintiff, Shantelle Comegys, is a resident of this judicial district and the parent and guardian of K.F. K.F. is African-American.

5.     Defendant, Valley Forge Military Academy & College, is a private college preparatory boarding school and military junior college located at 1001 Eagle Road, Wayne PA 19087. At all times relevant to this action, defendant received federal financial assistance.

6.     The acts alleged in this Complaint were authorized, ratified and done by employees, agents and servants of defendant acting within the scope of their employments and agencies.

7.     At all times relevant to this action, defendants acted under color of state law.

### *Background Facts*

8.     Owing to its military history, students enrolled at defendant are known as "Cadets."

9.     According to defendant's Student Handbook 2019-2020, defendant purports to build "leaders of character." Surely, however, character does not include subjecting Cadets to racially discriminatory treatment or teaching Cadets to accept race discrimination or harassment. In fact, defendant's Student Handbook 2019-2020 provides,

> **A. Discrimination and Bias-Related Behaviors**
> Valley Forge Military College strictly prohibits any form of discrimination and bias-related behaviors. VFMC is dedicated to educating students of diverse racial and ethnic origins and to fostering broad appreciation for cultural and ancestral diversity. Discrimination against any person on the basis of race, disability, age, gender, color, ethnicity, ancestry, creed, religion, sexual orientation, or national origin is against the law and violates the VFMC Community Standards.

10.    Despite its alleged adherence to these lofty and worthwhile ideals, defendant fell woefully short in fostering and promoting them with respect to Black Cadets in general, and with respect to K.F. in particular, and perpetuated dangerous racial stereotypes and tropes. Among other actions,

    a.    Non-Black administrators and leadership at defendant frequently referred to Black Cadets, including K.F., as a "gang" because they socialized together;

    b.    Leadership and administrators at defendant spoke openly about trying to find a way to get rid of the group of Black Cadets they labeled a gang;

2

  c. Without justification, leadership and administrators at defendant routinely referred to the group of Black Cadets they labeled a gang as troublemakers;

  d. Altercations among Cadets occurred frequently at defendant. When the altercations involved non-Black Cadets, leadership and administrators did not involve the local police. However, whenever the altercations involved Black Cadets, leadership and administrators routinely reported the incident to and sought the involvement of local law enforcement; and

  e. Black Cadets routinely were disciplined more severely than non-Black Cadets for committing the same offenses.

  11. During the evening of October 30, 2020, an altercation occurred among some Cadets. Some Cadets had a physical altercation with a non-Black Cadet who had made a racist and derogatory post on social media. The non-Black Cadet previously had engaged in racist and discriminatory behavior, and although defendant was aware of his actions, defendant never took any action against him.

  12. Consistent with its history and pattern and practice of discrimination against Black Cadets, and without notifying Ms. Comegys, defendant immediately solicited the involvement of local law enforcement, agents of which began to conduct interviews of Cadets, including K.F., outside of the presence of their parents.

  13. Despite the fact that an investigation of the October 30, 2020 incident was ongoing, by letter dated November 2, 2020, defendant suspended K.F. until November 8, 2020, and notified Ms. Comegys that K.F. would face a Commandant's Disciplinary Board after he returned. *See* Ex. A attached hereto and made a part hereof.

  14. By letter dated November 6, 2020, defendant dismissed K.F. allegedly for assault, conduct unbecoming a Cadet and conspiracy. *See* Ex. B attached hereto and made a part hereof.

15. By letter dated November 13, 2020, Ms. Comegys appealed K.F.'s dismissal. *See* Ex. C attached hereto and made a part hereof.

16. By letter dated November 20, 2020, defendant's President notified Ms. Comegys that he had upheld the Commandant's decision to dismiss K.F. *See* Ex. D attached hereto and made a part hereof.

17. Defendant's decision to dismiss K.F. and to reject Ms. Comegys's appeal of the dismissal decision was consistent with defendant's history and pattern and practice of disciplining Black Cadets more severely than non-Black Cadets for comparable offenses. For example,

    a. a non-Black Cadet threatened to "blow up the school" based on discipline he received with which he did not agree. Local law enforcement, including several SWAT teams were called to the campus to search for explosives, given the nature of the threat. In response, defendant merely suspended the student, but allowed him to remain on campus;

    b. a non-Black Cadet spit in the face of a faculty member during a class. Defendant allowed the student to remain on campus; and

    c. a non-Black Cadet, along with others, broke into defendant's campus store, vandalized the property and stole several items. Local law enforcement charged the Cadet with three felonies. Defendant allowed the Cadet to return to campus, where he is in the student leadership program and on track to become a Captain, one of the highest designations in the leadership program.

18. As a direct and proximate result of defendant's conduct described above, Plaintiff and K.F. suffered humiliation, embarrassment, mental anguish, pain and suffering, and other damages associated with the violation of their civil rights.

19. Defendant acted and failed to act willfully, maliciously, intentionally, and with reckless disregard for the rights of Plaintiff and K.F.

4

## *Count I*

### *Equal Protection Clause of the Fourteenth Amendment*

20. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-19, inclusive, of this Complaint.

21. The actions and omissions of the defendant described above violated Plaintiff and K.F.'s right guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution to be free from discrimination on the basis of race by intentionally treating him differently than non-Black Cadets.

## *Count II*

### *Due Process Clause of the Fourteenth Amendment*

22. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-21, inclusive, of this Complaint.

23. The actions and omissions of the defendant described above were intentionally injurious to Plaintiff and K.F. and deliberately indifferent to the impact they would have on Plaintiff and K.F.

24. The totality of the circumstances and the defendant's actions and omissions described above shock the conscience.

25. Defendant's actions and omissions violated the substantive protections to which the Plaintiff and K.F. were entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

## *Count III*

### *Breach of Contract*

26. Plaintiff incorporates herein by reference as if set forth in full the averments of paragraphs 1-25, inclusive, of this Complaint.

5

27. The Billing and Payment Contract and the Student Handbook 2019-2020 created a contractual relationship with Plaintiff.

28. The actions and omissions of defendant described above breached material provisions of the contract regarding ensuring that K.F. would not be subjected to race discrimination and breached the covenant of good faith and fair dealing implied under the contract.

29. As a direct and proximate result of defendant's material breach of contract, Plaintiff and K.F. incurred significant economic and non-economic damages.

### Jury Demand

30. Plaintiff demands a trial by jury as to all issues so triable.

### Prayer for Relief

Wherefore, Plaintiff hereby demands judgment in her favor and against defendant, awarding her all damages available at law, compensatory and punitive damages, attorney's fees, expert witness fees, costs and disbursements pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

/s/ Robert T Vance Jr
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 905
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Shantelle Comegys*

# Exhibit A



**VALLEY FORGE**
MILITARY
ACADEMY & COLLEGE

November 2, 2020

Ms. Shantell Comegys
10090 Mill Run Circle #201
Owings Mill, MD 21117

Dear Ms. Comegys,

It is my duty to confirm that as of Saturday, October 31, 2020 Kevin has been suspended from Valley Forge Military Academy & College for his alleged involvement in an assault. As of this date, he may return to campus on Sunday, November 8, 2020, after 4:00 p.m. He will face a Commandant's Disciplinary Board shortly after he returns.

This is a serious violation of the Rules and Regulations of Valley Forge Military Academy & College. An investigation is ongoing. Once completed, I will speak to you regarding the outcome.

While Kevin, is suspended, you will be afforded the opportunity to contact the Academic offices of the Academy to formulate an academic plan. You may contact Mr. Aaron Barkley, Associate Dean of the Academy, at 610-989-1382.

If you have any questions, please contact Kevin's TAC Officer, SgtMaj Charles Anderson, USMC (ret.), at 610-989-1270.

Sincerely,

Julian J. Rivera
Colonel, USMC
Commandant of Cadets

cc: TAC Officer
    Associate Dean of the Academy

Exhibit B



VALLEY FORGE
MILITARY ACADEMY & COLLEGE

November 6, 2020

Ms. Shantell Comegys
10090 Mill Run Circle #201
Owings Mill, MD  21117

Dear Ms. Comegys,

This letter will serve to confirm that in accordance with our Rules and Regulations, Kevin has been Dismissed from Valley Forge Military Academy & College and the Corps of Cadets effective todays date, per Special Orders No. 6 for Assault, Conduct Unbecoming a Cadet and Conspiracy.

If you wish to appeal this decision, please submit your request in writing to the President's Office, in care of the Commandant's Department. The burden is on the appealing cadet to demonstrate why the finding of dismissal should be altered. Appeals may be based only on the following grounds:
  a. Denial of due process,
  b. Significant and relevant new evidence that was not available at the time of the disciplinary action, and/or
  c. Sanctions which are unduly harsh or arbitrary.

Appeal requests will be processed as follows:
  a. Deliver the appeal to the Commandant's Department for forwarding to the President's Office.
  b. The President's Office will review the appeal and the entire record of the case.
  c. Based upon a complete review of the merits of the case and the appeal, the President's Office may do any of the following:
    (1) Determine the dismissal is warranted and affirm the results.
    (2) Alter or suspend the original decision of dismissal.
    (3) Refer the case to a new hearing authority for a rehearing.
    (4) Dismiss the case.

The President's Office is the final authority for any disciplinary action taken within the Corps of Cadets, and will provide a written response to the appeal.

If you intend to appeal this decision, please provide your written appeal within seven days of the date of this notification. In the interest of time, you may fax your appeal to 610-989-1260 or send it electronically to KSeitz@vfmac.edu . Please send the original copy via mail.

If you have any questions regarding the coordination of final administrative actions, please contact SgtMaj Anderson, USMC (Ret.), Lead Academy TAC Officer, at 610-989-1270.

Sincerely,



Julian J. Rivera
Colonel, USMC
Commandant of Cadets

cc: TAC Officer

Exhibit C

To:

Cor. Stuart Helgeson
President, Valley Forge Military Academy & College
1001 Eagle Road
Wayne, Pennsylvania
19087-3695

Date: November 13, 2020
       Subject: Appeal of Expulsion

Respected Col Helgeson,
   I am writing this letter to you with the intention to appeal a decision that was made on November 6, 2020 allegedly made by a detective on the behalf of Presidents Officer of Valley Forge Military Academy & College to expel my son Kevin Fleming. Federal, State and District policies were violated in the decision to expel Kevin Fleming.

- Due Process was denied in violation of Valley Forge Military Academy & College policy
- Kevin Fleming was suspended for 6 days prior to expulsion without a hearing.
- The Sanction is arbitrary based on the information that was provided and under the circumstances.

On October 30, 2020, and allegation was made by Valley Forge Military Academy & College, that Kevin Fleming was involved with an assault, and harassment of a fellow student. I was contacted on Oct 31, 2020 by Sgt. Major Charles Anderson who made me aware of the Allegations and to make me aware that I had to come and pick him up from campus. I received a call from Sgt. Major Charles Anderson stating that Kevin Fleming was dismissed for his alleged involvement in a fight that happened on October 30, 2020 and the decision came from a detective on the behalf of Valley Forge Military Academy. I was made aware that he allegedly had pending charges. During that timeframe I was not and still have not been contacted by a detective about this matter.
      I respectfully request that you consider a hearing or this appeal for Kevin Fleming expulsion. As I have mentioned this expulsion is in violation of Federal, State and District policies. I would like to state that I am not trying to allow Kevin Fleming to escape discipline for any real action in violation of school policy if there is any warranted. I am stating that Valley Forge Military Academy & College and its Administration presented no proof that Kevin Fleming committed any violations of school policy that would warrant expulsion. Kevin Fleming due process rights as a cadet were ignored and violated.
      My goal is for Kevin Fleming to be able to complete his semester at Valley Forge Military Academy & College high school career in this setting Virtually or via campus. I look forward to hearing from you regarding this urgent matter at your earliest convinced.

Respectfully,

*Shantell Comegys*
Shantell Comegys

Exhibit D



**VALLEY FORGE MILITARY ACADEMY AND COLLEGE**

1001 EAGLE ROAD, WAYNE, PA 19087-3695 / 610-989-1200 / FAX: 610-975-9642

OFFICE OF THE PRESIDENT

November 20, 2020

Ms. Shantell Comegys
10090 Mill Run Circle #201
Owings Mill, MD  21117

Dear Ms. Comegys,

I have reviewed the correspondence regarding your cadet's appeal of his dismissal. I also have reviewed his disciplinary and tactical records, and have met with the Dean of the Academy and the Commandant of Cadets to evaluate his potential success at Valley Forge.

Pursuant to the Billing and Payment Contract which was signed regarding the in-processing of your son at VFMAC, he was subject to immediate dismissal for his involvement in a criminal act or other serious offense, as well as for violations of prevailing rules and regulations of the institution. These actions are not consistent with what is expected of a Cadet of Valley Forge Military Academy. Therefore, I have decided to uphold the Commandant's decision of dismissal.

We wish Kevin all the best in his future endeavors.

If you have any questions regarding the coordination of final administrative actions, please contact SgtMaj Charles Anderson, USMC (Ret.), Lead TAC Officer of the Academy, at 610-989-1270.

Sincerely,

Stuart B. Helgeson
Colonel, USMC (ret)
President

cc:
Commandant of Cadets
TAC Officer