SHANTELLE COMEGYS, Individually  :
and as Parent and natural guardian of  :
K.F., a minor  :
            Plaintiff  :
  :   NO. 2:21-cv-03848-NIQA
     vs.  :
  :
VALLEY FORGE MILITARY  :
ACADEMY & COLLEGE  :
            Defendant  :   CIVIL ACTION

## DEFENDANT'S MEMORANDUM OF LAW IN
## SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant Valley Forge Military Academy and College[1] ("**VFMA**"), by and through its undersigned attorneys, hereby submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint.

## I.    RELEVANT FACTUAL BACKGROUND

The Complaint alleges the following material facts:

Plaintiff Comegys is the parent and legal guardian of "K.F."[2], a cadet formerly enrolled at Valley Forge Military Academy during the 2019/2020 academic year.

---

[1] The Complaint, at Exhibits A-D, but especially Exhibit C thereto, alleges "K.F." was enrolled in Valley Forge Military Academy, which is a separate and distinct school from Valley Forge Military College.

[2] Rule 10(a) of the Rules of Civil Procedure requires plaintiffs to identify themselves. The Third Circuit has endorsed a balancing test of several factors when considering the anonymity of a purported plaintiff (here, "K.F."). Factors in favor of anonymity include "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." Factors disfavoring anonymity include: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Doe v. Megless*, 654 F.3d 404, 409 (3d Cir. 2011). Here, Plaintiff Comegys has failed to articulate or assert in the Complaint any proffered reason to maintain the anonymity of "K.F." Plaintiff and her counsel also attached multiple exhibits to their Complaint that reveal the full name "K.F." As such, Plaintiff should be required to include the full name of "K.F." in the caption

(Complaint, ¶4, 14-16).  On the evening of October 30, 2020, it is  alleged that several cadets[3] at the Academy engaged in a physical altercation with a non-Black cadet. (Complaint, ¶11).  Conveniently, and without ever attaching a copy of it, Plaintiff alleges that the non-Black cadet "made a racist and derogatory post on social media." (Complaint, ¶11).  It is evident from the exhibits that Plaintiff attaches to her Complaint that "K.F." and several other boys lured another Cadet into a room, and assaulted him. See Complaint, Exhibits "A", "C" and "D".  The matter was referred to local law enforcement, who conducted interviews of the cadets involved in the incident. (Complaint, ¶12).  VFMA informed Plaintiff Comegys the next morning that an investigation of the incident and the involvement of "K.F." in that incident was underway.  (Complaint, ¶13 and Exhibit "A").  Shortly thereafter, VFMA notified Plaintiff Comegys that "K.F." was suspended until November 8, 2020.  (Complaint, ¶13).

It is thereafter alleged that, on November 6, 2020, VFMA dismissed "K.F." for assault, conduct unbecoming a cadet, and conspiracy.  (Complaint, ¶14)[4].  Pursuant to VFMA's policies, Plaintiff Comegys and/or "K.F." were permitted to appeal that

and body of the Complaint. Since Plaintiff has already publicly disclosed the full name of "K.F." in the exhibits, and K.F. is not even at VFMA, Plaintiff cannot claim or show a reasonable fear of severe harm by disclosing the identity of "K.F." in the caption. See, e.g. Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011).  See, also, Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005)(affirming dismissal of case when anonymous plaintiff provided no justification for proceeding under pseudonym); see also Doe v. Care One, LLC, 2021 WL 4428579, at *1 (D.N.J. 2021)("It is only in "exceptional circumstances" that courts permit a party to remain anonymous."(citing Megless, supra; Doe v. Blue Cross Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997) (noting that "[t]he use of fictitious names is disfavored")).

[3] Plaintiff's Complaint conspicuously and conveniently fails to allege whether all of the other cadets who engaged in the physical altercation with a "non-Black Cadet" were themselves Black or White, or Hispanic, or of other races, colors, or national origins.  Plaintiff's Complaint also conspicuously and conveniently fails to allege whether all of the other cadets – regardless of their respective color or race - were also disciplined or dismissed by the Academy.

[4] And, of course, the Plaintiff conveniently fails to allege whether the other cadets – regardless of their respective race, ethnicity, color, or national origin – also received discipline from VFMA.

dismissal to the President of VFMA. On November 13, 2020, Plaintiff Comegys appealed the dismissal of "K.F." to the President of VFMA. (Complaint, ¶15 and Exhibit "C"). After reviewing that appeal, the President of VFMA upheld the dismissal of "K.F.". (Complaint, ¶16).

Plaintiff Comegys then alleges that VFMA discriminated against "K.F." by imposing a more severe punishment on Black cadets than those imposed on non-Black cadets for comparable offenses. (Complaint, ¶17). The Plaintiff Comegys' Complaint then purports to state a claim for three (3) causes of action:

- Count I- Alleged violation of the Equal Protection Clause of the Fourteenth Amendment;

- Count II- Alleged Violation of the Due Process Clause of the Fourteenth Amendment;

- Count III- Alleged Breach of Contract; and

Plaintiff's Complaint is facially, and fatally, deficient, and should be dismissed.

## II.   **LEGAL ARGUMENT**

### 1.   **Plaintiff Comegys Has Failed to State a Claim Against VFMA Under the Equal Protection Clause of the Fourteenth Amendment.**

Plaintiff Comegys has failed to state a claim under the Fourteenth Amendment against VFMA. Under well-settled Supreme Court and Third Circuit precedent, the actions of a private school do not rise to the level of state action necessary to state a claim under the Fourteenth Amendment. Plaintiff Comegys has failed to allege any facts from which this Court could conclude that there was any state action involved in the disciplinary proceedings at issue in the Complaint. As such, Count I fails to state a claim

against VFMA for alleged violation of the Equal Protection Clause of the Fourteenth Amendment, and should be dismissed as a matter of law.

To establish an Equal Protection (or §1983) claim, Plaintiff Comegys must allege that VFMA was (i) a state actor who violated Plaintiff Comegys' rights under the Constitution or federal law. *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 169–70 (3d Cir. 2004). In differentiating between state and private actors, the Third Circuit has established a three-pronged test: (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009)(citations omitted).

In *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982), the Supreme Court held that a private school is not a state actor for the purposes of the Fourteenth Amendment. In *Rendell-Baker*, several private school employees alleged violations of the First Amendment after they were discharged and asserted claims under the Fourteenth Amendment, 42 U.S.C. §1983. The Court found that the private school was <u>not</u> a state actor and dismissed the §1983 claims. In so doing, the Court found that while educating students was a public function, that function was not exclusive to the state. *Id.* at 842. The *Rendell-Baker* Court also found that significant, or even exclusive, state funding is insufficient to establish coercive power or significant encouragement of state action in private actor decision-making. *Rendell-Baker*, 457 U.S. at 840. Citing *Blum v. Yaretsky*,

4

457 U.S. 991, 1010 (1982), the Court found that the private school's receipt of almost total funding from the government[5] was insufficient to create state action. *Id.* Finally, the *Rendell-Baker* Court held that there was not any state action in the private school's decision to discharge the employees because there was no state regulation involved in, or which influenced, the private school's decision to discharge the employees. *Rendell-Baker*, 457 U.S. at 841-842.

While *Rendell-Baker* involved private school employees' claims under the Fourteenth Amendment, its holdings have been applied in the context of Fourteenth Amendment claims asserted by private school students. *See Kach v. Hose*, 589 F.3d 626, 648 (3d Cir. 2009)(student cannot state Fourteenth Amendment claim against security guard employed by private contractor to work in school); *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159 (3d Cir. 2001)(student cannot establish that private school is state actor for purposes of Fourteenth Amendment); *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707, 710 (3d Cir. 1993)(student cannot establish state action for purpose of Fourteenth Amendment claim against private bus company and public school district).

The Comegys Complaint does not allege any facts[6] upon which the Court could conclude that VFMA was acting under the color of state law in disciplining "K.F." Instead, Plaintiff Comegys alleges that VFMA is a "private college preparatory boarding

---

[5] While Plaintiff Comegys has intentionally and inaccurately tried to lump both schools together, and it is not of record, yet, VFMA is a private high school, and its students/cadets, such as her son, are not eligible for federal or state student aid, grants or loans, ROTC College scholarships, or similar government funding.

[6] Plaintiff Comegys has failed to allege sufficient facts to state a plausible claim to relief as required by Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice.") *See, also, Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

school[.]" (Complaint, ¶5).  While Plaintiff Comegys also alleges that VFMA received

some <u>un</u>identified amount of federal financial assistance[7], as a matter of law, that

allegation is insufficient to create the state action necessary for Plaintiff Comegys to state

a claim against VFMA under §1983.  *See Rendell-Baker*, 457 U.S. at 840.  Moreover, the

disciplinary proceedings and punishment alleged in the Complaint involved <u>no</u> state

action or regulation but, rather, are exclusively controlled by the contractual relationship

between VFMA and its students under Pennsylvania law.  *See Swartley v. Hoffner*, 734

A.2d 915, 919 (Pa. Super. Ct. 1999); see also *Borrell v. Bloomsburg Univ.*, 955 F. Supp.

2d 390, 408 (M.D. Pa. 2013)(citing *Tran v. State Sys. of Higher Educ.,* 986 A.2d 179, 183

(Pa.Cmwlth.2009))("In distinguishing between public universities and private colleges,

the *Tran* court emphasized that due process safeguards students' rights at public

universities whereas students enrolled in private colleges have contractual rights.").

The Complaint fails to allege <u>any</u> factual basis upon which VFMA could possibly

be considered a state actor for the purposes of a §1983 claim.  Under well-established

Supreme Court and Third Circuit precedent, a private school such as VFMA cannot be

sued under §1983 because there is no state action.  As a result, the Complaint fails to

state a claim against VFMA under the Fourteenth Amendment, and Count I of the

Complaint should be dismissed with prejudice.

---

[7] (Complaint, ¶5).  The Plaintiff also ignores the central fact that the institution consists of two, separate, schools, a private high school for boys (the "Academy or VFMA") and a separate private junior college for young men and women (the "College or VFMC").  "K.F." was admitted to the Academy, <u>not</u> the College.  Only the College students are eligible for, or could receive, federal government ROTC scholarships, or federal student loans or grants – <u>not</u> students at the Academy.  Accordingly, Plaintiff Comegys' Complaint must be dismissed.

## 2. Plaintiff Comegys' Complaint Fails to State a Claim Against VFMA Under the Due Process Clause of the Fourteenth Amendment, Which Does <u>Not</u> Apply to Private Schools Such as VFMA.

Like Count I of the Complaint, Plaintiff's claim for alleged due process violations under the Fourteenth Amendment is also fatally and facially defective, and should be dismissed because VFMA is <u>not</u> a state actor. Instead, VFMA's relationship with its students is purely contractual and governed by the rules and procedures that VFMA chooses to implement. The due process clause of the Fourteenth Amendment applies only to state action and, as a result, Plaintiff Comegys cannot state a claim against VFMA under the due process clause of the Fourteenth Amendment.

In a private educational setting, the parties' relationship arises under contract law and "students who are being disciplined are entitled only to those procedural safeguards which the school specifically provides." *Swartley*, 734 A.2d at 919. In the context of student disciplinary proceedings, a private school's decision to discharge or discipline a student are not compelled or influenced by any state regulation and, consequently, there is no state action upon which to base a §1983 claim. *Rendell-Baker*, 457 U.S. at 841 (1982). Even where a state agency places a student in a school – which is <u>not</u> alleged by Plaintiff - there is an insufficient nexus of state action to support a §1983 claim. *See Stetson School, Inc.*, 256 F.3d. 159.

It is plainly evident that Plaintiff Comegys cannot state a claim against VFMA for an alleged due process violation under the Fourteenth Amendment. The Complaint alleges that VFMA "is a private college preparatory boarding school and military junior

college[.]" (Complaint, ¶5).[8] Plaintiff Comegys seemingly anticipates the lack of any state action by further – and baldly - alleging in Paragraph 5 of the Complaint that VFMA "received federal financial assistance" in an attempt to provide some sort of basis for her due process claim. However, Plaintiff Comegys' attempt to create state action from alleged financial assistance was considered, and rejected, by the Supreme Court in *Rendell-Baker*, 457 U.S. at 841. There is no other allegation anywhere in the Complaint that could somehow be construed to permit any inference that VFMA is a state actor. Without any such allegation, Plaintiff Comegys cannot state a claim against VFMA under the Fourteenth Amendment.

Plaintiff Comegys cannot state a claim against VFMA for alleged due process violations under the Fourteenth Amendment. Plaintiff alleges and admits that VFMA is a private educational institution. That allegation ends the analysis under the due process clause of the Fourteenth Amendment, which applies only to state, not private, actors. As a result, Count II of the Complaint should be dismissed with prejudice.

### 3. This Court Should Exercise its Discretion to Dismiss Plaintiff's Pendent State Law Claims

As set forth above, Plaintiff Comegys' federal claims against VFMA are barred as a matter of law and should be dismissed. Plaintiff alleges, at ¶4 of her Complaint, that she is a "resident of this judicial district" (i.e., the Eastern District of Pennsylvania). As noted in the Complaint, both the Plaintiff, and the Defendant, have the same, Pennsylvania citizenship, and, therefore, there is no diversity jurisdiction. With no

---

[8] Once again, the Plaintiff conspicuously and conveniently ignores there are two schools that comprise VFMAC: "VFMA" and "VFMC" and that "K.F." was admitted to, and enrolled at, only the Academy (VFMA), and not at the College (VFMC).

further basis for federal jurisdiction, this Court should exercise its discretion and dismiss Plaintiff's pendent state law claim in Count III.

Pursuant to 28 U.S.C. § 1367(c)(3), this Court may decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. "If it appears that the federal claim is subject to dismissal under F.R. Civ. P. 12(b)(6) or could be disposed of on a motion for summary judgment under F.R. Civ. P. 56, then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). Indeed, in a similar situation, this Court has previously declined to exercise discretionary jurisdiction over state law claims that remained after the dismissal of federal claims. *Blank v. Pa. SPCA*, 2010 U.S. Dist. LEXIS 106142 (E.D.Pa. 2010) (Bartle, C.J.).

As Plaintiff's federal claims necessarily fail as a matter of law, and there is no jurisdiction based on diversity of citizenship, and this case involves no "extraordinary circumstances", this Court should exercise its discretion to decline supplemental jurisdiction and dismiss the Complaint in its entirety.

### 4. In Any Event, The Complaint Fails to Even State a Claim for Breach of Contract

The Plaintiff's Complaint fails to state a claim for breach of contract against VFMA. Specifically, Plaintiff Comegys has failed to allege the existence of any contract between VFMA and Plaintiff Comegys other than a Student Handbook, which (i) is not attached to the Complaint and (ii) does not apply to parents or guardians of Cadets such as Plaintiff Comegys. Nor has Plaintiff Comegys alleged any specific violation of the

disciplinary procedures that are presumably set forth in that <u>Student</u> Handbook.  Without any such allegations, Plaintiff Comegys cannot state the factual basis of a claim for breach of contract against VFMA and, accordingly, Count III of the Complaint also should be dismissed.

It is well-established that three elements are necessary to successfully maintain a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract by the Defendant; and (3) resultant damages. *Meyer, Darragh, Buckler, Bebenek and Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427 (2016). Thus, it is incumbent upon Plaintiff Comegys to allege in her Complaint that Defendant VFMA supposedly violated some procedural safeguard actually provided by VFMA.  In so doing, Plaintiff Comegys must allege "specific failures on the part of [VFMA] <u>within these written materials</u>." *Ochman v. Wyoming Seminary*, 2012 WL 1825698, at *3 (M.D. Pa. 2012). (emphasis added)  Additionally, in order to prove a <u>material</u> breach of contract, Ms. Comegys is under a heavy burden.  *See Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1271 (Pa. Super. Ct. 2012) ("establishing 'materiality', which requires a substantial showing.").

In the Complaint, Plaintiff Comegys has vaguely alleged the existence of a "contract" with VFMA.  Specifically, Plaintiff Comegys alleges that the never-attached <u>Student</u> Handbook somehow creates a contractual relationship between VFMA <u>and Plaintiff Comegys</u> (who is not and has never been a student or cadet at VFMA). (Complaint, ¶31).  Moreover, <u>Plaintiff Comegys does not attach a copy of the alleged contract nor does Plaintiff Comegys ever allege, let alone explain, how Plaintiff</u>

Comegys, a parent, was a party to a "contract" purportedly arising out of a ***Student Handbook apparently issued to a student/cadet***.  Without any such allegation, Plaintiff Comegys has failed to allege the existence of a contract with VFMA[9].

Assuming, *arguendo*, that Plaintiff Comegys somehow is a party to a <u>Student</u> Handbook, that Handbook contains VFMA's policies on various issues such as drugs and cellular phones as well as reference information to cadet life at VFMA, and therefore could not possibly be construed to constitute a contract.  The Student Handbook also contains VFMA's policies on <u>student</u> conduct and disciplinary procedures.  Perhaps Plaintiff Comegys failed to attach the Student Handbook because the <u>student</u> conduct policies and disciplinary procedures contained therein would establish that VFMA acted in accordance with those policies and procedures in disciplining "K.F." for his "involvement in an assault" upon another cadet.  *See* Complaint, Exhibit "A" and "C".  Indeed, there is <u>no</u> allegation in the Complaint by Ms. Comegys that VFMA failed to comply with its published policies and procedures in disciplining "K.F."  Without <u>any</u> such specific allegations, Plaintiff Comegys cannot state a claim for any breach of her alleged contract against VFMA.  *See Ochman*, 2012 WL 1825698, at *3.

The Complaint, also fails to allege a state law claim for breach of contract.  Plaintiff Comegys has failed to allege the factual basis for her legal conclusion that the <u>Student</u> Handbook creates a contractual relationship <u>between her and VFMA</u>.  Plaintiff Comegys fails to attach the Student Handbook to her Complaint, and she also fails to

---

[9] The Complaint also fails to allege that Plaintiff Comegys is asserting claims on behalf of "K.F."  Instead, Plaintiff alleges at Paragraph 27 of the Complaint that the Student Handbook creates a contractual relationship <u>with Plaintiff Comegys</u>, and not with "K.F."

*1349012.1*

allege that there was any specific failure on the part of VFMA to follow or implement any of the (unalleged and never attached) disciplinary procedures that presumably are set forth in the Student Handbook.  Without any such factual allegations[10], Plaintiff Comegys cannot state a claim against VFMA for breach of contract, and Count III of the Complaint also should be dismissed.

### III.    **CONCLUSION**

For the reasons set forth above, Defendant Valley Forge Military Academy and College respectfully requests this Court to dismiss Plaintiff's Complaint.

Respectfully submitted,

**RILEY RIPER HOLLIN & COLAGRECO**

**Dated: October 29, 2021**            **By:** _____

GEORGE B. RANDOLPH, ESQUIRE
DAVID L. BLACK, ESQUIRE
717 Constitution Drive, Suite 201
Exton, Pennsylvania 19341
Telephone: (610) 458-4400
Facsimile: (610) 458-4441
george@rrhc.com
davidb@rrhc.com
Attorneys for Defendant

---

[10] *See Bell Atlantic Corp v. Twombly, supra.*

1349012.1